SUMMARY ORDER

Yungzhu Feng, a native and citizen of the People’s Republic of China, seeks review of a December 5, 2007 order of the BIA affirming the December 19, 2005 decision of Immigration Judge (“IJ”) Brigitte Laforest, denying her application for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). In re Yungzhu Feng, No. A98 353 701 (B.I.A. Dec. 5, 2007), aff'g No. A98 353 701 (Immig. Ct. N.Y. City Dec. 19, 2005). We assume the parties’ familiarity with the underlying facts and procedural history of this case.
When the BIA issues an opinion that fully adopts the IJ’s decision, we review the IJ’s decision. See, e.g., Chun Gao v. *120 Gonzales, 424 F.3d 122, 124 (2d Cir.2005). We review the agency’s factual findings, including adverse credibility findings, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); see also Corovic v. Mukasey, 519 F.3d 90, 95 (2d Cir.2008).
We conclude that the agency’s adverse credibility finding is supported by substantial evidence. In a pre-REAL ID Act case like the one at issue here, to form the basis of an adverse credibility determination, a discrepancy must be “substantial” when measured against the record as a whole. See Secaida-Rosales v. INS, 331 F.3d 297, 308-309 (2d Cir.2003).
In making her adverse credibility determination, the IJ observed that: (1) Feng’s testimony with respect to when she discovered that the authorities wanted to sterilize her was inconsistent with her asylum application and a purported village notice in the record; (2) her testimony regarding the gynecological examinations she missed during her alleged third pregnancy was inconsistent with her testimony about the date of the alleged abortion; and (3) Feng’s testimony about where she was living before she left China was internally inconsistent. These inconsistencies are substantial because they cast doubt on whether Feng was ever subjected to a forced abortion and whether the family planning authorities are currently searching for her with the intention of sterilizing her, central aspects of her claim. See id.
Finally, the IJ noted that her adverse credibility determination was informed by Feng’s demeanor on the stand when asked about the time line of events between her purported second abortion and her ensuing flight from China. Specifically, the IJ noted that Feng was initially unresponsive when asked how much time passed between her alleged second abortion and her departure from China and that Feng eventually answered “I forgot.” We defer to the Id’s assessment of Feng’s demeanor in evaluating the veracity of her claim. See Majidi v. Gonzales, 430 F.3d 77, 81 n. 1 (2d Cir.2005).
Viewed in totality, the IJ’s adverse credibility determination was supported by substantial evidence, and her denial of Feng’s application for asylum was therefore proper. 8 U.S.C. § 1252(b)(4)(B); see also Corovie, 519 F.3d at 95: Moreover, inasmuch as Feng based her claims for withholding of removal and CAT relief on the same factual predicate as her asylum claim, and the IJ found that claim to lack credibility, her withholding of removal and CAT claims necessarily fail. See Paul v. Gonzales, 444 F.3d 148, 156 (2d Cir.2006).
For the foregoing reasons, the petition for review is DENIED. The pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(b).